**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210436-U

Order filed April 18, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0436 Circuit No. 18-CF-2306 |
| | ) | |
| HEZZIE L. COOKE, | ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The circuit court did not err in denying defendant's motion to quash arrest and suppress evidence.

¶ 2      Defendant, Hezzie L. Cooke, appeals from his conviction for aggravated driving while under the influence of alcohol (DUI). Defendant argues that the Will County circuit court erred in failing to suppress the evidence gathered by the second officer on scene where the initial responding officer did not have probable cause to arrest him for DUI. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          In December 2019, the State indicted defendant on a single count of aggravated DUI (625 ILCS 5/11-501(a)(2), (d)(1)(A) (West 2018)) stemming from a September 8, 2018, incident. Prior to trial, defendant filed a motion to quash arrest and suppress evidence.

¶ 5          On June 26, 2019, a hearing was held on the motion. Defendant testified that he called the police to report a hit and run accident from a fire station parking lot on Exchange Street in Crete. He provided the responding officer with information, including a partial registration number of the black truck that struck him and left the scene. Defendant had been driving from a friend's home at the time of the accident. He testified that he had consumed a "couple beers" while visiting with his friends. Defendant indicated that he did not feel impaired while driving. He felt he was able to drive and was doing so safely without breaking any traffic laws. The officer told defendant to remain seated and returned to her squad car. The officer did not return or have any further conversation with defendant. Defendant testified that the officer never informed him that he was free to leave and he did not feel free to leave because she had instructed him to remain in the area. While defendant waited, an Illinois State trooper arrived.

¶ 6          Deputy Anna Caputo of the Will County Sheriff's Department testified that she had been a deputy for 9½ years. She was assigned to patrol and had performed DUI stops in the past. Caputo identified defendant as the individual she spoke with on September 8, 2018, when she was dispatched to investigate a possible hit and run accident. Defendant was not properly parked in a parking spot when she arrived. Defendant gave Caputo information regarding the accident, including a partial registration number, and described the offending vehicle as a black truck. Caputo viewed the damage to defendant's vehicle, observing white paint on the right side of his vehicle. Defendant provided several different locations for where the accident occurred.

Eventually, Caputo was able to determine that the accident occurred on IL Route 394. Caputo realized that the incident occurred within the jurisdiction of the Illinois State Police and discontinued her investigation.

¶ 7        As she was speaking with defendant, she detected an odor of an alcoholic beverage emitting from his breath. She observed that his eyes were watery, red, and bloodshot. His speech was slurred when he spoke, and "he needed the vehicle to hold his balance." Defendant "had a staggered stance" and did not walk far from his vehicle. She asked him if he had consumed alcohol. Caputo did not observe defendant's driving that night. Caputo testified that she had observed many intoxicated individuals in her 9½ years as a police officer. Based on her observations of defendant, she believed him to be intoxicated to the point where she took his keys because "[she] felt he would be a danger if he decided he no longer wanted to wait for the State Police by pulling out on the road." Caputo testified from memory. She did not write a report in connection with this incident due to the accident occurring outside of her jurisdiction. After Caputo's testimony, the State moved for a directed finding, which was denied.

¶ 8        Illinois State Trooper Thomas Vodicka testified that he had been an officer for seven years. He was trained in DUI detection and had made over 100 DUI arrests. On September 8, 2018, he was dispatched to Exchange Street in Crete to investigate a hit and run accident. After arriving on scene, he spoke first with Caputo, then made contact with defendant. Vodicka detected a strong odor of an alcoholic beverage emitting from defendant. Defendant's speech was slurred, and his eyes were red and glassy. Vodicka had defendant enter his squad car where he made the same observations regarding defendant's breath, speech, and eyes. Vodicka observed that defendant was unsteady on his feet and had a difficult time standing after exiting the squad car. Vodicka gathered information regarding the accident and found defendant's

account of the incident to be inconsistent with the damage he observed. Defendant admitted to consuming "a couple of beers." Vodicka administered field sobriety tests, on which defendant showed numerous clues of impairment. Defendant submitted to a breath test, which yielded a result of 0.15 blood alcohol content. Vodicka's dash camera video was admitted into evidence and the first 19 minutes and 36 seconds was published for the court. In the beginning of the recording, Caputo explained the situation to Vodicka after his arrival and informed him that she had possession of defendant's keys because she believed defendant had been drinking but was "not sure."

¶ 9        Defense counsel argued that Caputo arrested defendant without probable cause when she seized his keys and requested that everything after Caputo's arrest of defendant be suppressed. The court found that defendant was arrested by Vodicka after the administration of the breath test. It considered the totality of the circumstances, the odor of alcohol, defendant's red and glassy eyes, the accident, his admission to drinking, the failed field sobriety tests, and the portable breath test results and found probable cause existed for defendant's arrest. The court denied defendant's motion to suppress.

¶ 10       The case proceeded to a bench trial. Caputo and Vodicka's testimony at trial was substantially similar to the evidence presented at the prior hearing. Vodicka's dash camera video recording was admitted and published to the court. Caputo elaborated that, upon her arrival, defendant was parked "in the open area of the driveway where the fire trucks exit." Vodicka also testified that defendant refused a breath test at the police station following his arrest. Defendant was found guilty of aggravated DUI. The court found that defendant was involved in an accident, admitted to driving, admitted to drinking, staggered and stumbled after exiting the squad car, had an odor of an alcoholic beverage on his breath, had glassy, bloodshot eyes, had unclear speech,

4

exhibited confusion about the nature and location of the accident, and refused to submit to a breath test, indicating consciousness of guilt.

¶ 11    Defendant filed a motion for a new trial, alleging that the State's evidence was insufficient to sustain a conviction and that his motion to quash arrest should have been granted, arguing that, contrary to the court's finding, Caputo effectuated the arrest of defendant. The court denied the motion. Defendant was sentenced to 24 months of reporting probation. Defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13    Defendant argues that Caputo did not have probable cause to arrest him for aggravated DUI and the court erred in denying his motion to suppress evidence. "This court employs a two-part standard in reviewing a circuit court's denial of a motion to suppress." *People v. Workheiser*, 2022 IL App (3d) 200450, ¶ 22. We accept the court's factual findings unless they are manifestly erroneous. *Id.* We review the denial of a motion to suppress *de novo*. *Id.*

¶ 14    The fourth amendment of the United States Constitution and article I, section 6, of the Illinois Constitution protect individuals from unreasonable searches and seizures. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. "Reasonableness under the fourth amendment generally requires a warrant supported by probable cause." *People v. Flowers*, 179 Ill. 2d 257, 262 (1997). "However, a warrantless arrest is valid if it is supported by probable cause." *People v. Rainey*, 302 Ill. App. 3d 1011, 1013 (1999).

¶ 15    "[A]n individual is 'seized' when an officer ' "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." ' " *People v. Bailey*, 2019 IL App (3d) 180396, ¶ 23 (quoting *Florida v. Bostick*, 501 U.S. 429, 434 (1991), quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)). Seizure has been repeatedly found where an officer takes action to

prevent an individual from driving away from the scene. See *People v. Luedemann*, 222 Ill. 2d 530, 559-60 (2006).

¶ 16        On appeal, there is no dispute over when defendant's arrest occurred. Both defendant and the State acknowledge that the initial contact between Caputo and defendant constituted a consensual encounter. Defendant had called the police to report an accident and Caputo met with him to investigate. Both parties further acknowledge that after this initial contact, the consensual encounter became an arrest when Caputo exerted physical control over the keys to defendant's vehicle, prohibiting him from leaving the parking lot. The issue on appeal, therefore, is whether Caputo had probable cause to effectuate the arrest.

¶ 17        In determining probable cause to arrest, the only relevant information is what evidence the arresting officer had prior to defendant's arrest. See *People v. Motzko*, 2017 IL App (3d) 160154, ¶ 31 ("Any postarrest actions by defendant were not and could not have been relied on *** as probable cause for arresting defendant for DUI."). Accordingly, any evidence gathered by Vodicka is irrelevant to our review of Caputo's probable cause to arrest defendant. Defendant argues that Caputo did not have probable cause where she did not observe defendant's driving, administered no field sobriety tests, and informed Vodicka that she was unsure whether defendant had been drinking.

¶ 18        "Probable cause to arrest exists when the facts known to the officer at the time of the arrest are sufficient to lead a reasonably cautious person to believe that the arrestee has committed a crime." *People v. Love*, 199 Ill. 2d 269, 279 (2002). A determination of whether probable cause exists depends on the totality of the circumstances at the time of arrest. *Motzko*, 2017 IL App (3d) 160154, ¶ 19. "Probable cause must rise to a level higher than mere suspicion." *Id.* It must also rise above "reasonable, articulable suspicion," the lesser standard

6

required to justify a brief, investigatory stop, rather than a full arrest. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).

¶ 19        Numerous factors exist for the determination of probable cause with respect to DUI.

> "Probable cause to arrest a motorist for DUI has been commonly established by the testimony of the arresting officer, in spite of the defendant's contradictory testimony, that the motorist had about him or her the odor or strong odor of alcohol, had slurred speech or had red and glassy eyes. [Citations.] Generally, these observations are supplemented by other observations apparent to the officer or inferred from his observations ***." *People v. Wingren*, 167 Ill. App. 3d 313, 320-21 (1988).

An officer's observation of defendant's driving is not necessary to establish probable cause. See *People v. Fortney*, 297 Ill. App. 3d 79, 90 (1998); *People v. Lurz*, 379 Ill. App. 3d 958, 965 (2008) (although the officer "never observed defendant driving while intoxicated, *** the facts known to [the officer] at the time he arrested defendant gave rise to probable cause to support the arrest").

¶ 20        Here, the totality of the evidence, prior to arrest, showed that defendant (1) was involved in an accident, (2) was not parked properly in the parking lot, (3) emitted an odor of an alcoholic beverage, (4) admitted to drinking, (5) exhibited confusion regarding the accident and where it occurred, naming several different locations, (6) had watery, red, and bloodshot eyes, (7) had slurred speech, and (8) exhibited balance issues, having a "staggered stance" and "need[ing] the vehicle to hold his balance." Accordingly, we find the evidence was sufficient to support a finding of probable cause for defendant's arrest for DUI.

¶ 21 Defendant relies on our decisions in *People v. Day*, 2016 IL App (3d) 150852, ¶¶ 23, 37-38, and *Motzko*, 2017 IL App (3d) 160154, ¶¶ 20, 23, in urging a different result. Both cases stand for the proposition that an odor of an alcoholic beverage, admission to consuming alcohol, and glassy, bloodshot eyes were insufficient to establish probable cause for a DUI arrest without evidence of other factors to support impairment, such as poor driving, stumbling, falling, or an inability to communicate.

¶ 22 Here, the other enumerated factors supporting impairment are largely present. The evidence demonstrated that defendant exhibited slurred speech, balance issues, and confusion. This evidence, in its totality, would lead a reasonably cautious person to believe defendant was operating his vehicle while under the influence of alcohol, and is sufficient to establish the probable cause needed to arrest defendant for DUI. Based on the consistency of Caputo's observations and the other evidence of defendant's alcohol consumption, Caputo's qualified statement to Vodicka about her belief that defendant had been drinking does not vitiate the facts known to her at the time that she placed defendant under arrest. Accordingly, the court did not err in denying defendant's motion to suppress evidence.

¶ 23 III. CONCLUSION

¶ 24 The judgment of the circuit court of Will County is affirmed.

¶ 25 Affirmed.